Case 2:23-cv-00240-GMB   Document 1   Filed 02/28/23   Page 1 of 11

FILED
2023 Feb-28 AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DALLAS WELDON,** ) | |
| **individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. CV_____** |
| ) | |
| **SHA, LLC,** ) | |
| **a domestic limited liability company,** ) | |
| ) | |
| **Defendant.** ) | |

## **COMPLAINT**
### **(Injunctive Relief Demanded)**

Plaintiff, Dallas Weldon, individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues, SHA, LLC, a domestic limited liability company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG").

1. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant, SHA, LLC's, violations of Title III of the ADA. See also 38 U.S.C. §§ 2201 and 2202.

2. Plaintiff is a resident of Coosa County, Alabama, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is paraplegic, unable to engage in the major life activity of walking, requires a wheelchair to ambulate, and has limited use of his hands. Plaintiff requires accessible parking positioned nearest the accessible entrance of a facility with a sufficiently wide and level parking stall and access aisle so that he may transfer from his vehicle to his wheelchair and back. Accessible routes from the accessible parking to the accessible features, goods, and services of a facility must be firm, level, free from obstruction, properly sloped, slip resistant, sufficiently wide, and stable without cracks, holes, or other hazards that pose a danger of Plaintiff's wheelchair casters becoming stuck and/or him tipping out of his wheelchair. Plaintiff has difficulty getting through doorways that do not provide proper clearance. Amenities must be sufficiently lowered so that Plaintiff can access them. Plaintiff's disability prevents him from tightly grasping, pinching, or twisting his wrists to sufficiently operate knob style controls for accessible elements, including doorknobs and sink faucets. Plaintiff requires sinks with sufficient knee and toe clearance so that he can position his legs underneath to operate the faucet. Plaintiff requires sufficient maneuvering space along with side and rear wall grab bars to safely position his wheelchair and transfer to and from a toilet and has difficulty reaching a flush lever mounted on the closed side of the toilet.

3. Defendant owns a place of lodging known as Econo Lodge Oxmoor which is located at 195 Oxmoor Road, Birmingham, Alabama, 35209, in Jefferson County (hereinafter "Hotel" or "Property"), and is a place of public accommodation as defined by the ADA and its implementing regulations, 29 CFR 36.201(a) and 36.104.

4. Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because the Hotel is in this judicial district and a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## COUNT I

**Violation of the Americans with Disabilities Act ("ADA")**

5. As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that its place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department of Justice. Said regulations are set forth in the Code of Federal Regulations, the Americans with Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

6. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

**Reservations made by places of lodging.** A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –

- (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

- (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

- (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

- (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

- (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

7. These regulations became effective March 15, 2012.

8. Defendant, either itself or by and through an authorized third party, implemented, operates, controls and/or maintains an online reservations system (hereinafter "ORS") for the Property. The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

9. Prior to the commencement of this lawsuit, Plaintiff visited the ORS on December 19, 2022, and December 28, 2022, for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, with respect to the website located at: www.expedia.com, it did not comply with 28 C.F.R. Section 36.302(e) because it did not identify accessible rooms, did not allow for booking of accessible rooms, and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Wheelchair accessible (may have limitations)", "In-

room accessibility (select rooms), "Access via exterior corridors", and "This property does not have elevators". Further, Plaintiff would be required to book a room before obtaining the confirmation information necessary to thereafter contact Defendant directly to inquire about the accessibility of the Property specific to his disability needs, to wit: "If you have requests for specific accessibility needs, please contact the property using the information on the reservation confirmation and received after booking." With respect to the website located at: www.hotels.com, it did not comply with 28 C.F.R. Section 36.302(e) because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the Hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel or the rooms other than the statement "In-room accessibility (select rooms)", and "Access via exterior corridors". With respect to the website located at: www.priceline.com, it did not comply with the Regulation because it provided insufficient information as to whether the rooms or features at the Hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the Hotel or the rooms other than the statement "Wheelchair accessible", and "Facilities for disabled guests available", and "Accessible room". With respect to the website located at: www.orbitz.com, it did not comply with 28

C.F.R. Section 36.302(e) because it did not identify accessible rooms, did not allow for booking of accessible rooms, and provided insufficient information as to whether the rooms or features at the Hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Wheelchair accessible (may have limitations)", "In-room accessibility (select rooms), "Access via exterior corridors", and "This property does not have elevators". Further, Plaintiff would be required to book a room before obtaining the confirmation information necessary to thereafter contact Defendant directly to inquire about the accessibility of the Property specific to his disability needs, to wit: "If you have requests for specific accessibility needs, please contact the property using the information on the reservation confirmation and received after booking."

10. In the near future, Plaintiff intends to revisit Defendant's ORS in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

11. Plaintiff is continuously aware that the subject websites remain noncompliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless he is willing to suffer additional discrimination.

12. The violations present at Defendant's ORS infringe Plaintiff's right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's ORS. By continuing to operate its ORS with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's ORS and knowing that it would be a futile gesture to return to the ORS unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining ORS with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the Hotel are accessible.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to modify its ORS to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's noncompliance with the ADA with respect these websites. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant.

15. Defendant has discriminated against Plaintiff by denying his access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject websites.

16. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

17. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the subject ORS to make them readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. 36.302(e); or by closing the ORS until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. That the Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

B. Injunctive relief against Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a practice to monitor and fulfill its continuing duty to maintain its ORS sites in compliance with 28 C.F.R. Section 36.211;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.   An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

E.   An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

F.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 28th day of February, 2023.

/s/ Michele E. Pate_____
Michele E. Pate (ASB-4457-E49F)
***Attorney for Plaintiff***
**LAW OFFICE OF MICHELE E. PATE**
Post Office Box 3391
Jasper, AL 35502-3391
T: (205) 275-1700
F: (205) 512-1292
E: mpatelaw@gmail.com

**DEFENDANT TO BE SERVED:**
SHA, LLC
c/o Sandip H. Patel
195 Oxmoor Road
Birmingham, AL 35209